# UNITED STATES DISTRICT COURT

# WESTERN DISTRICT OF LOUISIANA

# LAFAYETTE-OPELOUSAS DIVISION

| | | |
|---|---|---|
| **CHARLES L. CAUSEY** | * | **CIVIL ACTION NO. 04-2398** |
| **VERSUS** | * | **JUDGE MELANÇON** |
| **COMMISSIONER OF SOCIAL SECURITY** | * | **MAGISTRATE JUDGE HILL** |

## REPORT AND RECOMMENDATION

This social security appeal was referred to me for review, Report and Recommendation pursuant to this Court's Standing Order of July 8, 1993. Claimant, Charles S. Causey ("Causey"), is a retired teacher. In February, 2002, when he reached the age of 62, he applied for retirement insurance benefits. (Tr. 11). His monthly benefit, which he began receiving in February, 2002, was calculated at $266.20.[1] This calculation included an offset due to his receipt of a pension from the state of Louisiana as a retired teacher. A reduction was also included due to claimant's early retirement prior to age 65.

Claimant was dissatisfied with the reduction of his Social Security retirement benefits, and sought review by the Social Security Administration. After denial of

---

[1]Claimant does not dispute the computation. (rec. doc. 9, p. 5).

reconsideration, he requested a hearing before an Administrative Law Judge ("ALJ"). On December 18, 2003, the ALJ issued a decision finding that the Windfall Elimination Provisions ("WEP") of 20 C.F.R. § 404.213 applied to claimant's state pension. (Tr. 12). After denial of review by the Appeals Council, claimant, who is proceeding *pro se*, sought judicial review with this Court.

## APPLICABLE LAW

On appeal, claimant argues that the WEP was unconstitutionally applied to reduce his Social Security benefits due to his receipt of the Louisiana teachers retirement system pension. (rec. doc. 9, p. 5). He further argues that the WEP unconstitutionally discriminates against public retirees. (rec. doc. 9, pp. 5, 7).

The WEP was enacted to eliminate the unintended benefits windfall that accrued to workers who split their career between employment in which their earnings were taxed for social security and other employment in which their earnings were exempt from social security taxes. *Rudykoff v. Apfel*, 193 F.3d 579, 580-81 (2nd Cir. 1999). The Social Security regulations provide a method of computation when a beneficiary is eligible for a pension based on his noncovered employment. 20 C.F.R. § 404.213. The regulations further provide that a beneficiary's primary insurance benefits will be recomputed if, in a month after he becomes entitled to

benefits, he becomes entitled to a pension based on noncovered employment. 20 C.F.R. § 404.281(f).

Claimant argues that the Social Security Administration's reduction of a portion of retirement funds because of a pension constitutes a "taking" of property. (rec. doc. 9, p. 8). However, the Supreme Court, as well as the Fifth Circuit, has repeatedly held that social security benefits are not contractual and may be altered or even eliminated at any time. *United States Railroad Retirement Board v. Fritz*, 449 U.S. 166,174, 101 S.Ct. 453, 459, 66 L.Ed.2d 368 (1980); *Brown v. Apfel*, 192 F.3d 492, 497 (5th Cir. 1999). These courts have also held that a non-contractual claim to receive funds from the public treasury enjoys no constitutionally protected status. *Weinberger v. Salfi*, 422 U.S. 749, 771-772, 95 S.Ct. 2457, 2470, 45 L.Ed.2d 522 (1975); *Rivers v. Schweiker*, 684 F.2d 1144, 1158 (5th Cir. 1982) (social security benefits); *see also*, *Das v. Department of Health & Human Services*, 17 F.3d 1250, 1256 (9th Cir. 1993) (rejecting claimant's argument that the WEP is unconstitutional because it violates property rights). Thus, this argument lacks merit.

Claimant's next argument, that the application of WEP was discriminatory, has also been specifically rejected. In *Rudykoff*, *supra*, claimant argued that the WEP denied equal protection to retired federal employees who had also worked in the private sector. The court rejected this argument, reasoning as follows:

We cannot say that Congress's reasoning in enacting the WEP was irrational or discriminatory. Rather, we agree with the district court that the WEP furthers the rational goal of insuring that certain individuals do not receive an unintended benefit under the Social Security Act because of their particular employment history. Such windfalls were an unanticipated by-product of a social security system designed to benefit low wage earners, and their elimination was a reasonable means of achieving the legitimate goal of maximizing the funds distributed in accordance with that design.

*Rudykoff*, 193 F.3d at 581.

While this case is not controlling, it is persuasive. The courts which have considered this specific issue, including *Das*, have uniformly concluded that WEP is not unconstitutional. Based on the reasoning in *Rudykoff* and *Das*, as well as the authority from the Supreme Court and the Fifth Circuit, *Weinberger and Rivers*, regarding social security benefits' lack of constitutionally protected status, the undersigned finds that claimant's argument lacks merit.

Based on the foregoing, it is my recommendation that the Commissioner's decision be **AFFIRMED** and that this action be **DISMISSED** with prejudice.

Under the provisions of 28 U.S.C. § 636(b)(1)(C) and F.R.Civ.Proc. 72(b), parties aggrieved by this recommendation have ten (10) business days from service of this Report and Recommendation to file specific, written objections with the Clerk of Court. A party may respond to another party's objections within ten (10) days after

being served with a copy thereof. Counsel are directed to furnish a courtesy copy of any objections or responses to the District Judge at the time of filing.

**FAILURE TO FILE WRITTEN OBJECTIONS TO THE PROPOSED FACTUAL FINDINGS AND/OR THE PROPOSED LEGAL CONCLUSIONS REFLECTED IN THIS REPORT AND RECOMMENDATION WITHIN TEN (10) DAYS FOLLOWING THE DATE OF ITS SERVICE, OR WITHIN THE TIME FRAME AUTHORIZED BY FED.R.CIV.P. 6(b), SHALL BAR AN AGGRIEVED PARTY FROM ATTACKING THE FACTUAL FINDINGS OR THE LEGAL CONCLUSIONS ACCEPTED BY THE DISTRICT COURT, EXCEPT UPON GROUNDS OF PLAIN ERROR. *DOUGLASS V. UNITED SERVICES AUTOMOBILE ASSOCIATION*, 79 F.3D 1415 (5TH CIR. 1996).**

Signed this 10th day of January, 2006, at Lafayette, Louisiana.

C. MICHAEL HILL
UNITED STATES MAGISTRATE JUDGE